



IN THE CIRCUIT COURT
FOR THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

CLERK OF THE CIRCUIT COURT #54
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| JENNIFER TIERNEY,<br>    Plaintiff, | ) |
| | ) |
| vs. | ) No. $13L2162$ |
| | ) |
| CITY OF ALTON, ALTON | ) **JURY TRIAL DEMANDED** |
| POLICE DEPARTMENT, | ) **ON ALL COUNTS** |
| AND SCOTT WALDRUP, | ) |
|     Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff, Jennifer Tierney ("Tierney"), by and through her attorneys,

Hunter & Johnson P.C., and for her Complaint against the Defendants, City of Alton ("the

City"), Alton Police Department ("APD") and Scott Waldrup ("Waldrup"), states:

### FACTS COMMON TO ALL COUNTS

1. At all times relevant hereto, Plaintiff Tierney was a resident of the city of Alton,

Madison County, Illinois.

2. At all times relevant hereto, the Defendant City of Alton was in Illinois municipal

corporation situated Madison County, Illinois.

3. At all times relevant hereto, the Defendant APD was a department under the control

and jurisdiction of the Defendant City of Alton.

4. At all times relevant hereto, Defendant Waldrup was a resident of the city of Alton,

Madison County, Illinois.

Case No.
Page 1 of 10



EXHIBIT

tabbies

A

5. At all times relevant hereto, the Defendant Waldrup resides in the house located next to the house where the Plaintiff resides.

6. At all times relevant hereto, the Plaintiff, a female, was employed by the Defendants City of Alton and APD as a police officer, holding the rank of PFC.

7. At all times relevant hereto, the Defendant Waldrup, a male, was employed by the Defendants City of Alton and APD as a police officer holding the rank of Captain.

8. At all times relevant hereto, Defendant Waldrup was a superior officer of the Plaintiff and was the second highest ranking officer in the Defendant APD, ranking below the Chief of Police.

9. On October 13, 2012 the Plaintiff, pursuant to a departmental order, attended a mandatory training session. A copy of the departmental order for this training is attached hereto as Exhibit A and by this reference made a part hereof.

10. Defendant Waldrup also attended the said October 13, 2012 training.

11. As part of the said October 13, 2012 training, the participants were required to divide into two person teams to practice a gun loading skill which required the participants to load their gun without looking at the gun. The participants were told by the instructing officer that one partner was to watch the other do the drill and if the loader looked down, the observing partner was to tap the partner performing the skill on the shoulder.

12. When the training participants divided themselves into teams, Defendant Waldrup selected the Plaintiff is his teammate for the skill exercise.

13. During the said skill exercise on October 13, 2012, Defendant Waldrup, in the presence of approximately 26 other APD officers, the majority of whom were male, deliberately made overt sexual gestures towards the Plaintiff's breasts.

14. Specifically, at the aforesaid time and place, Defendant Waldrup stated in a loud voice, sufficient to gain the attention of others in the room to see and hear, "You mean like this?" and, instead of tapping the Plaintiff on the shoulder, then made a hand groping gesture in front of the Plaintiff as if he were attempting to cup or squeeze both of the Plaintiff's breasts.

15. Immediately after Defendant Waldrup made the aforesaid gesture and statement and did not receive a response, he repeated his statement and gesture, this time making a motion as if he was turning a dial, again in a loud enough voice to gain the attention of others in the room to see and hear.

16. On October 14, 2012 the Plaintiff reported Defendant Waldrup's actions as sexual harassment to the Plaintiff's immediate supervisor, Lieutenant Carla Pruitt.

17. The Plaintiff is informed and believes that Lieutenant Pruitt reported the Plaintiff's complaint to Alton Police Chief David Hayes.

18. The Plaintiff is further informed and believes that, as a result of her complaint, Defendant Waldrup was placed on administrative leave.

19. On or about November 2, 2012, after Defendant Waldrup returned from administrative leave, the Plaintiff was informed by her supervisor, Lieutenant Pruitt, that the Plaintiff was being reprimanded by the Defendant APD for an incident which occurred in July 2012.

20. The Plaintiff is informed and believes that other officers who were involved in the same July 2012 incident were not reprimanded by the Defendant APD.

## COUNT I

### VIOLATION OF ILLINOIS HUMAN RIGHTS ACT
(as to Defendant Scott Waldrup)

21. The Plaintiff repeats and realleges paragraphs 1-20 of her Complaint.

22. This claim is made for the violation of the Illinois Human Rights Act, 775 ILCS §5/2-102(D), et. seq.

23. At all times relevant hereto, Defendant Waldrup was a supervisor for the Defendant APD and held the rank of Captain, which was second in the administrative hierarchy of the Defendant APD.

24. Defendant Waldrup's aforesaid conduct at the October 13, 2012 training session constituted unwelcome sexual advances and unwelcome conduct of a sexual nature towards the Plaintiff publicly in the presence of the Plaintiff's fellow police officers.

25. Defendant Waldrup's aforesaid sexually harassing conduct caused the Plaintiff to be humiliated and demeaned in front of her fellow police officers, the majority of whom were male.

26. Defendant Waldrup's aforesaid conduct towards the Plaintiff was based on her sex.

27. Defendant Waldrup's aforesaid conduct towards the Plaintiff was so severe in its nature that it altered the conditions of the Plaintiff's employment, which entitled her to be free from sexual harassment and intimidation, and thereafter created an abusive working environment for the Plaintiff. Plaintiff believed that if she did not submit to Defendant Waldrup's conduct, she would be retaliated against and/or lose her job.

28. Because of Defendant Waldrup's senior position with the Defendant APD he participated in or oversaw the assignment of working hours to patrol officers, including the Plaintiff, and participated in or oversaw disciplinary actions relating to patrol officers, including the Plaintiff.

29. The Plaintiff is informed and believes that Defendant Waldrup either initiated or participated in the November 2, 2012 reprimand of the Plaintiff in retaliation for the Plaintiff making a sexual harassment against Waldrup.

30. By virtue of Defendant Waldrup's senior position with the Defendant APD, and the fact that Waldrup resides in the residence next to the Plaintiff's residence, Waldrup's actions on October 13, 2012, and thereafter, created an intimidating, hostile and offensive working environment for the Plaintiff.

31. Because the Plaintiff made a complaint regarding Waldrup's sexual harassment, she is now treated differently by her male co-workers. Specifically, other male coworkers have stated that Plaintiff is "easily offended" and they have to be careful what they say around Plaintiff or she will file a complaint.

32. Defendant Waldrup's conduct as alleged herein violates the Illinois Human Rights Act, 775 ILCS §5/2-101(E).

33. As a direct and proximate result of Defendant Waldrup's conduct towards the Plaintiff, the Plaintiff has suffered actual damages, severe emotional distress and pain and suffering.

WHEREFORE, the Plaintiff prays that this Court enter judgment in her favor and against the Defendant Scott Waldrup in an amount in excess of fifty thousand dollars ($50,000.00)

together with Plaintiff's costs of suit, attorney's fees and such other and further relief as this
Court deems fit and proper.

## COUNT II

### VIOLATION OF ILLINOIS HUMAN RIGHTS ACT
(as to Defendants City of Alton and Alton Police Department- vicarious liability)

34. The Plaintiff repeats and realleges paragraphs 1-33 of her Complaint.

35. This claim is made for the violation of the Illinois Human Rights Act, 775 ILCS
§5/2-102(D), et. seq.

36. At all times relevant hereto the Defendant Waldrup was a managerial and supervisory
employee of the Defendants City of Alton and APD. Defendant Waldrup was second in
command with the APD, ranking just below the Chief of Police.

37. By virtue of his position and authority the Defendant Waldrup is empowered to act on
behalf of his employers, the Defendants City of Alton and APD.

38. Pursuant to 775 ILCS §5/2-102(D) of the Illinois Human Rights Act, the Defendants
City of Alton and APD are strictly liable for the sexual harassment of the Plaintiff committed by
their employee, Defendant Waldrup.

WHEREFORE, the Plaintiff prays that this Court enter judgment in her favor and against
the Defendants City of Alton and APD in an amount in excess of one hundred thousand dollars
($50,000.00) together with Plaintiff's costs of suit, attorney's fees and such other and further
relief as this Court deems fit and proper.

## COUNT III

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
(as to Defendant Waldrup)

39. The Plaintiff repeats and realleges paragraphs 1-20, 23-31, 33, 36-37 of her Complaint.

40. This claim is made for the violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e, et. seq.

41. The Defendant Waldrup's conduct as alleged herein violates Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e, et. seq.

42. As a direct and proximate result of Defendant Waldrup's conduct towards the Plaintiff, the Plaintiff has suffered actual damages, severe emotional distress and pain and suffering.

WHEREFORE, the Plaintiff prays that this Court enter judgment in her favor and against the Defendant Scott Waldrup in an amount in excess of fifty thousand dollars ($50,000.00) together with Plaintiff's costs of suit, attorney's fees and such other and further relief as this Court deems fit and proper.

### COUNT IV

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
(as to Defendants City of Alton and Alton Police Department)

43. The Plaintiff repeats and realleges paragraphs 1-20, 23-31, 33, 36-37 of her Complaint.

44. This claim is made for the violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e, et. seq.

45. The Defendant Waldrup's conduct as alleged herein violates Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e, et. seq.

46. As a direct and proximate result of Defendant Waldrup's conduct towards the Plaintiff, the Plaintiff has suffered actual damages.

47. Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e, et. seq., the Defendants City of Alton and APD are strictly liable for the sexual harassment of the Plaintiff committed by their employee, Defendant Waldrup.

WHEREFORE, the Plaintiff prays that this Court enter judgment in her favor and against the Defendants City of Alton and Alton Police Department in an amount in excess of fifty thousand dollars ($50,000.00) together with Plaintiff's costs of suit, attorney's fees and such other and further relief as this Court deems fit and proper.

## COUNT V

### ASSAULT
(as to Defendant Scott Waldrup)

48. The Plaintiff repeats and realleges paragraphs 1-20 of her Complaint.

WHEREFORE, the Plaintiff prays that this Court enter judgment in her favor and against the Defendant Scott Waldrup in an amount in excess of fifty thousand dollars ($50,000.00) together with Plaintiff's costs of suit and such other and further relief as this Court deems fit and proper.

## COUNT VI

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(as to Defendant Scott Waldrup)

49. The Plaintiff repeats and realleges paragraphs 1-20 of her Complaint.

50. Because of the proximity in which the Defendant Waldrup was standing to the Plaintiff, his groping gestures towards the Plaintiff caused the Plaintiff to be in imminent apprehension of a harmful or offensive contact with her breasts and her person.

51. The groping gestures made by the Defendant Waldrup towards the Plaintiff were both unauthorized and unwelcome by the Plaintiff and were done against the Plaintiff's will.

52. The unpermitted and unauthorized conduct by the Defendant Waldrup, as alleged herein, was intentional, particularly since the Defendant Waldrup called attention to his conduct before making the groping gestures and then repeated the behavior, again calling attention to his conduct.

53. The conduct of the Defendant Waldrup, as alleged herein, was intended to cause the Plaintiff to be publicly humiliated and demeaned and was intended to cause her emotional distress.

54. As a direct and proximate result of the conduct of the Defendant Waldrup, as alleged herein, the Plaintiff did in fact suffer public humiliation, embarrassment, diminished stature in her employment and emotional distress.

55. As a direct and proximate result of the Defendant Waldrup's conduct, as alleged herein, the Plaintiff has sustained actual damages, severe emotional distress and pain and suffering.

WHEREFORE, the Plaintiff prays that this Court enter judgment in her favor and against the Defendant Scott Waldrup in an amount in excess of fifty thousand dollars ($50,000.00) together with Plaintiff's costs of suit, attorney's fees and such other and further relief as this Court deems fit and proper.

**COUNT VII**
**PUNITIVE DAMAGES-COUNTS V AND VI**
(as to Defendant Scott Waldrup only)

56. The Plaintiff repeats and realleges paragraphs 1-20 and 50-55 of her Complaint.

57. The conduct of the Defendant Waldrup, alleged herein, especially considering his position and rank within the APD warrants the award of punitive damages against the Defendant Waldrup.

WHEREFORE, the Plaintiff prays that this Court enter judgment in her favor and against the Defendant Scott Waldrup for punitive damages in amount of fifty thousand dollars ($50,000.00) together with Plaintiff's costs of suit, attorney's fees and such other and further relief as this Court deems fit and proper.

Respectfully submitted,

HUNTER & JOHNSON, P.C.

By: _____

*One of the Attorneys for the Plaintiff*

Christopher B. Hunter, #03121827
Emily J. Johnson, #6286497
Hunter & Johnson, P.C.
5213 Mae Drive, Suite B
Godfrey, Illinois 62035
Telephone: 618/466-9510
Facsimile: 618/466-9540
E-mail: chunter@hunterjohnsonlaw.com

# ALTON POLICE DEPARTMENT

## PERSONNEL ORDER

NUMBER: P16-4/4088(Revised)

**Date of issue:**     September 18, 2012

**Date effective:**    October 13 & 14, 2012

**Subject:**     Active Shooter/ Taser Training

**FILED**

**DEC 2 0 2013**

CLERK OF CIRCUIT COURT #6
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

The following personnel are scheduled to attend a training course/conference to be held as follows:

Sat. - Sun., October 13 & 14, 2012
8:00 a.m. / 4:00 p.m.
Clara Barton School / APD Training Center

Scheduled to attend:
Lt. Pruitt, Sgt. Velloff, Sgt. Gibbs, Sgt. Brantley, Sgt. Stinnett, Sgt. Weirich,
PFC Wetzstein, PFC Metzler, PFC Mattila, PFC Vambaketes, PFC Espinoza,
PFC Bromaghim, PFC Tierney, PFC Riney, PFC Brenner, PFC Christner,
PFC Beaber, PFC January, PFC Dressler, PFC Roderfeld, PFC Conrad,
PFC Pierson, PFC Hunt, PFC McCray, PO Reed, PPO Bennett

If this school is scheduled on an employee's day off, it is desirable that the Commander makes arrangements for the employee to take time off prior to or after attending the school. If this is not feasible due to a lack of manpower, the employee may have the option of time and a half in either pay or compensatory time. This must have prior authorization from the Chief of Police or Captain.

David Hayes
Chief of Police

Cc:     Chief Hayes
        Captain Waldrup
        Lt. Golike
        Lt. DeWall
        Lt. Pruitt
        Attendees
        File
        Post

**EXHIBIT**

**A**